# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:12CR285 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JONATHAN MAYWEATHER, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

This matter comes before the Court upon Defendant, Jonathan Mayweather's "Motion to Reduce Sentence Pursuant to Guideline Amendment."(ECF #1529). Defendant was originally indicted on June 7, 2012 for conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846 (Count One); and use of a communication facility to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b) (Count Twenty-Three). On May 6, 2013, Defendant entered a guilty plea as to Count One. Count Twenty-Three was dismissed by the Court. Based on Defendant's Presentence Report and the Sentencing Guidelines, this Court assigned Defendant a total offense level of 21 and a Criminal History Category of III.  Defendant was then sentenced to a term of 46 months.

In the case of a criminal defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment upon motion of the defendant. 18 U.S.C. § 3582(c)(2). U.S.S.G. Section 1B1.10 defines the circumstances under which sentences based on Amendment 782 (among others), for drug convictions governed by section 2D1.1, may be retroactively reduced in accordance with the statute. Section 1B1.10 requires that any reduction in sentencing be

consistent with applicable policy statements issued by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010). Section 1B1.10(e)(1) also provides: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015 or later." The language and intent of section 1B1.10(e)(1) are clear: a reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015 or later is inconsistent with the policy statement set forth and is therefore, unauthorized under section 3582(c)(2). Defendant is currently participating in Residential Reentry Management and will not be incarcerated on November 1, 2015, when a reduced sentence would become effective. For this reason, no reduction is warranted and Defendant's Motion, (ECF #1529), is hereby, DENIED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _June 8, 2015_